STATE OF NEBRASKA, APPELLEE, v. PAUL WAYNE GERO, APPELLANT.

165 N. W. 2d 371

Filed February 28, 1969. No. 37086.

Kelly & Kelly, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, and NEWTON, JJ., and HASTINGS, District Judge.

CARTER, J.

This is a prosecution in the district court for Hall County for forcible rape against the defendant, Paul Wayne Gero. The jury returned a verdict of guilty and defendant was sentenced to serve a term of 20 years in the Nebraska Penal and Correctional Complex. The defendant has appealed to this court.

On the evening of April 17 and the early morning of April 18, 1968, Hazel McAlvey, her daughter, and 1-year-old granddaughter were residing in a trailer house in the rear of another daughter's home in Wood River, Nebraska. During this period, the daughter residing with the prosecutrix was working and the prosecutrix and her little granddaughter were alone in the trailer house. In the early morning hours a man entered the trailer house, struck the prosecutrix several times, and forced her to engage in sexual relations. About 7 a.m.,

prosecutrix escaped from the trailer house and hurried to the house on the premises, taking the little granddaughter with her. She entered the house at the instance of the teenage grandchildren who were its sole occupants at the time. The eldest of these children, Darryl Fisher, age 17 years, testified that the prosecutrix had physical injuries to her head and arm and was covered with blood. Prosecutrix was taken to a hospital in Grand Island the same day in which she remained until May 1, 1968. That she suffered serious physical injuries is established by witnesses and pictures taken of her in the hospital.

Prosecutrix testified that during the early morning hours, she heard a noise and snapped on her reading lamp. She says she was immediately struck at least four times, was immediately pinned down by the intruder, and was sexually assaulted several times during the balance of the night. About 7 a.m., the man went to sleep and she was able to escape with the baby girl as we have heretofore recited.

The town marshal arrived on the scene shortly after 7 a.m., went into the trailer house, and saw a man lying on the bed in the nude. He left the trailer house to seek assistance and on his return was looking over the rear of the trailer when the man, fully dressed, came out of the trailer and made a break for his pickup truck parked in the street. The marshal fired a shot in the air, called on the man to stop, and, on his failure to do so, shot at the tires on the pickup, hitting a tire. The man kept going. The marshal got into a passerby's car and gave chase. The tire on the truck went down and the man kept going until the tire and rim collapsed. After some 33 miles of chase, the man drove into a dead end road and he was apprehended. He was the defendant.

Defendant testified that he was working for a contractor in Central City. After work on April 17, 1968, he went to his motel and changed his clothes. He patronized a couple of bars in Central City before and

after the evening meal. He then went to Grand Island where he engaged in drinking until the bars closed. He started for Central City in his pickup. He had difficulty in driving because of his intoxicated condition. He said he picked up a hitchhiker who took over the driving while he slept. He remembered being helped into some living quarters. No light was turned on and he immediately sat down and went to sleep. When he awoke the next morning, he was lying on the bed in the nude. The bed was soaked with blood and he had blood on his own arms. He said he was too drunk to know what happened and that he did not know where he was when he awoke. His testimony concerning his escape from the trailer corresponds to the testimony of the marshal. He said he ran to his pickup and tried to get away because he was being shot at by a man in plain clothes whose intentions he did not know. He admitted he had previously been convicted of a felony.

The jury heard the evidence and did not believe the story told by the defendant. On appeal he contends that the verdict and judgment are not supported by the evidence for the reason that the testimony of the prosecutrix is not corroborated. No other issue is presented by this appeal.

"In a prosecution for rape, if the prosecutrix testifies to the facts constituting the crime and the accused unequivocally denies the commission of the offense, the testimony of the prosecutrix must be corroborated on material points by other evidence to justify or sustain a conviction of the accused." Peery v. State, 163 Neb. 628, 80 N. W. 2d 699. "It is not essential that the prosecutrix be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." Texter v. State, 170 Neb. 426, 102 N. W. 2d 655.

We think the testimony of the prosecutrix was amply corroborated to sustain a conviction. The evidence is clear that prosecutrix suffered serious injuries to her head and hand as the result of the attack. The defendant was found by the town marshal in the trailer house in the nude on a bed covered with blood. The defendant fled from the scene of the crime and, although he claims he ran because he was shot at, it is clear that he ran and was then shot at in an attempt to halt his flight. The foregoing evidence corroborates the testimony of the presecutrix that she was attacked and forcibly raped. State v. Hunt, 178 Neb. 783, 135 N. W. 2d 475; Miller v. State, 169 Neb. 737, 100 N. W. 2d 876.

In a prosecution for rape, testimony that prosecutrix made complaint to others within a reasonable time under all the circumstances is admissible, although the details of such complaint may not be given. But this is but one of many ways to establish corroboration. The fact that no complaints by the prosecutrix were established by the evidence does not affect the validity of the conviction where other corroborating evidence is shown by the record.

We find no prejudicial error in the record and the judgment is affirmed.

AFFIRMED.