STATE OF NEBRASKA, APPELLEE, v. RON FISHER, APPELLANT.
212 N. W. 2d 568

Filed November 23, 1973. No. 38967.

Charles Plantz, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

McCown, J.

The defendant, after trial to the court without a jury, was found guilty of assault with intent to commit rape and sentenced to the statutory minimum of 2 years in prison. The only evidence in the case was the testimony of the prosecutrix. The sole issue on this appeal is whether the evidence is sufficient to sustain the conviction where the evidence consists solely of the uncorroborated testimony of the prosecutrix.

The prosecutrix was 18 years old and employed. The incident occurred in a house in Gordon, Nebraska, where the prosecutrix had a rented room. She testified that she was alone in the house and asleep in her bedroom. The house was unlocked and so was the bedroom. She testified that the defendant first appeared in her bedroom at about 1:30 a.m. on a Sunday morning and asked the prosecutrix where his wife was. She told him that his wife was at her mother's house. The prosecutrix had known the defendant for some years, had dated him occasionally in junior high school, and was a good friend of the defendant's wife. The prosecutrix and defendant visited for a few minutes in the prosecutrix' bedroom and the defendant, who was somewhat intoxicated, then left the house. The prosecutrix testified that some 15 or 20 minutes later the defendant returned to the house and again came to her bedroom and sat down on the bed. They visited for a few minutes. The defendant then put his arm around her waist and said that he was going to rape her. After a struggle on the bed of some 5 minutes, she escaped and ran to the living room trying to reach the telephone. The defendant grabbed her legs and attempted to pull her panties down. After another brief struggle, she managed to escape again. She left the house, and ran to a nearby house where she had visited earlier in the evening. This is the sum total

of the prosecutrix' testimony as to the assault, and that testimony was the only evidence in the case. The prosecutrix did not testify that she made a timely complaint or, in fact, any complaint to anyone.

At common law, the testimony of the prosecutrix in the trial of all offenses against the chastity of women was alone sufficient to support a conviction and no corroborating evidence or circumstances were necessary. That rule was adhered to in Nebraska at least as late as 1877. In Garrison v. People, 6 Neb. 274, this court held that it was not error to refuse to instruct the jurors that they could not convict the defendant upon the unsupported testimony of the prosecutrix, and that if the jurors were satisfied beyond a reasonable doubt from the testimony of the prosecutrix alone of the guilt of the accused, they would be justified in returning a verdict of guilty.

That rule was changed in 1886 in the case of Mathews v. State, 19 Neb. 330, 27 N. W. 234. After quoting Sir Matthew Hale's statements that rape "is an accusation easy to be made and hard to be proved, and harder to be defended by the party accused, * * *" this court adopted a rule as to corroborating proof in rape cases. The rule stated was that "where his (the defendant's) testimony expressly denies that of the prosecutrix she must be corroborated to authorize a conviction." That case was the genesis of the judicial rule in Nebraska requiring corroboration in rape cases.

The corroboration rule has been followed in this State since 1886. It has been expressed many times in varying language. The language in some cases, as in Mathews, might be interpreted as limiting the rule to a situation in which the accused testifies and denies the accusation. The latest of those cases is State v. Gero, 184 Neb. 107, 165 N. W. 2d 371. There this court said: "In a prosecution for rape, if the prosecutrix testifies to the facts constituting the crime and the accused unequivocally denies the commission of the offense, the

The sentence of imprisonment to the Division of Corrections of the Department of Public Institutions pronounced on February 9, 1973, is vacated and set aside and the cause remanded to the District Court with directions to discharge the defendant.

REVERSED AND REMANDED WITH DIRECTIONS.