STATE OF NEBRASKA, APPELLEE, V. CHARLES A. ABY,
APPELLANT.

287 N. W. 2d 68

Filed January 8, 1980. No. 42651.

George E. Brugh, for appellant.

Paul L. Douglas, Attorney General, and Linda A. Akers, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

After trial to the court the defendant was convicted of first degree sexual assault and felony debauching of a minor. He was sentenced to 15 years imprisonment on the first count and 2 years imprisonment on the second count, the sentences to run concurrently. He has appealed and contends the evidence is insufficient to support the conviction; the State should have been required to elect between

the counts because count II was a lesser-included offense of the crime charged in count I; and the sentences are excessive.

The record shows that the defendant is 33 years of age. On October 22, 1976, he married Peggy Gibbs who had two children by a previous marriage, a son and a daughter. Mrs. Gibbs was employed by the Farmers Co-Op in York, Nebraska. On August 16, 1977, Mrs. Gibbs attended a seminar in Hutchinson, Kansas, as a part of the duties of her employment. While she was away from York, Nebraska, she left the children at home in the care of the defendant.

On the night of August 17, 1977, while Mrs. Gibbs was away, the defendant entered the bedroom of Mrs. Gibbs' daughter, who was then 10 years of age, and committed the offenses charged in the information. It is unnecessary to recite the details of the offenses here which were testified to in detail by the victim.

Mrs. Gibbs and the defendant separated on October 8, 1977 several weeks before she petitioned for the dissolution of their marriage.

During the last week in November 1977, Mrs. Gibbs received a telephone call from a friend. She immediately questioned her daughter, who related what the defendant had done to her.

On December 3, 1977, Mrs. Gibbs contacted the sheriff's office. The complaint was then investigated by a state patrolman and the victim was interviewed by a clinical psychologist. As a result of the investigation a complaint against the defendant was filed on December 14, 1977.

The defendant had left York, Nebraska, on or about November 30, 1977, shortly after he learned that charges would be filed against him. He went to California and used an assumed name. He was apprehended and returned to Nebraska in May 1978.

The defendant's principal contention is that there was insufficient corroboration for the testimony of

the victim. The rule is that the testimony of the prosecutrix alone, uncorroborated by any other evidence, is not sufficient to sustain a conviction for sexual assault. State v. Fisher, 190 Neb. 742, 212 N. W. 2d 568. Corroboration as to material facts and circumstances is sufficient and evidence that a complaint was made after the offense is admissible. Texter v. State, 170 Neb. 426, 102 N. W. 2d 655.

The evidence shows that the victim did not immediately complain to her mother when Mrs. Gibbs returned from Kansas because she was afraid and ashamed of what had happened to her. However, when she was asked about the incident she told her mother what had happened. During subsequent interviews with the state patrolman and the psychologist she related the details of the incident. The testimony of the psychologist tends to corroborate her testimony. We think the record as a whole shows there was sufficient corroboration and the evidence of the State was sufficient, if believed, to support a finding of guilt beyond a reasonable doubt.

First degree sexual assault in this case consisted of sexual penetration of a person less than 16 years of age by a person more than 18 years of age. § 28-408.03 (1) (c), R. R. S. 1943. Felony debauching of a minor as charged in count II consisted of fondling or massaging in an indecent manner the sexual organs of a person under 16 years of age. § 28-929 (2), R. R. S. 1943.

A lesser-included offense is one which includes some of the elements of the crime charged without the addition of any element irrelevant to the crime charged. State v. Comer, 199 Neb. 762, 261 N. W. 2d 374. The evidence of the State which proved the first degree sexual assault in this case also proved felony debauching of a minor although the element of penetration was not an element of the debauching offense. Thus, under the evidence in this case, debauching of a minor was a lesser-included offense of

the sexual assault charge.

The State was not required to elect between the counts because a crime and a lesser-included offense may be charged in separate counts of the same information. See, Stapleman v. State, 150 Neb. 460, 34 N. W. 2d 907; Longsine v. State, 105 Neb. 428, 181 N. W. 175.

However, a defendant cannot be convicted of two degrees of the same offense or a crime and a lesser-included offense based upon the same act or transaction. In re Resler, 115 Neb. 335, 212 N. W. 765. A conviction or acquittal of the principal offense bars any prosecution or punishment for a lesser-included offense.

For that reason the judgment on count II must be reversed and that count dismissed.

Prior to sentencing the trial court determined that the defendant was not a sexual sociopath.

At the sentencing hearing the trial court found there was a substantial risk the defendant would engage in additional criminal conduct if placed on probation, that probation would depreciate the seriousness of the offense and promote disrespect for the law, the defendant was in need of correctional treatment, and a sentence of imprisonment was necessary for the protection of the public. The record supports these findings.

Although the presentence report shows the defendant has a prior record of only minor offenses, the incident which was the basis for the prosecution in this case was not an isolated incident. There is evidence that the defendant committed the same offense with the victim over a period of several years and had molested a 4-year-old girl on a number of occasions. There is further evidence that the defendant was able to conceal these crimes by threatening to hurt the children if they told anyone.

Under the circumstances of this case the sentence imposed was not excessive. The judgment of the

District Court on count I is affirmed; the judgment on Count II is reversed and dismissed.

JUDGMENT ON COUNT I AFFIRMED.
JUDGMENT ON COUNT II REVERSED AND DISMISSED.