[Crim. No. 20902. Second Dist., Div. Three. Apr. 26, 1972.]

THE PEOPLE, Plaintiff and Appellant, v.
SANFORD ALLAN ROSS, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Minsky, Garber & Rudof, Bernard W. Minsky and J. M. Groshan for Defendant and Respondent.

## OPINION

**THE COURT.**—In each of five counts of an information the defendant Sanford Allan Ross was accused of the crime of grand theft. (Pen. Code, § 487, subd. 1.) His motion under section 995 of the Penal Code was granted and the information was set aside. The People have appealed from the order setting aside the information. (Pen. Code, § 1238, subd. (a)(1).)

Between February 8 and April 1, 1971, the defendant, who was a licensed automobile dealer, bought 13 used vehicles from Automotive Rental Sales, Inc. In a total of five sales, the defendant sold those vehicles in March and April of the same year to Glen Organ Ford and Valley Dodge. At that time, the mileage represented on the odometers was less than the mileage so shown at the time the defendant bought the vehicles by a variance of 14,000 miles on three of the vehicles to over 30,000 on some of the other vehicles, including 43,000 on one of the vehicles. Each vehicle was sold for over $200. Both Scott Hamilton and Frank Van Buskirk of Glen Organ Ford and Frank Melton of Valley Dodge testified at the preliminary hearing that they would not have purchased these vehicles from the defendant had they known that the odometers had been changed as to the mileage registered.

The People contend that the provisions of section 11713, subdivision (n), of the Vehicle Code[1] do not preclude prosecution of the defendant for theft under section 484 of the Penal Code. The defendant contends that where a general statute (Pen. Code, § 484) and a specific statute (Veh. Code, § 11713, subd. (n)) encompass the same offense, "they cannot stand together, and the specific statute will prevail."

"The fundamental test as to whether statutes are in conflict with each other is the legislative intent. If it appears that the statutes were

---

[1]Section 11713, subdivision (n), of the Vehicle Code is as follows: "It shall be unlawful and a violation of this code for the holder of any license issued under this article: . . . (n) To disconnect, turn back, or reset the odometer of any motor vehicle in violation of Section 28050 or 28051."

Section 28050 of the Vehicle Code is as follows: "It is unlawful for any person to advertise for sale, to sell, to use, or to install on any part of a motor vehicle or on an odometer in a motor vehicle any device which causes the odometer to register any mileage other than the true mileage driven. For the purposes of this section the true mileage driven is that mileage driven by the car as registered by the odometer within the manufacturer's designed tolerance."

Section 28051 of the Vehicle Code is as follows: "It is unlawful for any person to disconnect, turn back, or reset the odometer of any motor vehicle with the intent to reduce the number of miles indicated on the odometer gauge."

designed for different purposes, they are not irreconcilable, and may stand together." *(People* v. *Lustman,* 13 Cal.App.3d 278, 288 [91 Cal.Rptr. 548].) Section 484 of the Penal Code is intended to prevent the theft of another person's property, including the obtaining of the property or money of another by false pretenses, whereas the purpose of section 11713, subdivision (n), of the Vehicle Code, which relates to regulation of persons holding a dealer's license, is to cause such persons not to "disconnect, turn back, or reset the odometer of *any* motor vehicle. . . ." (Italics added.) Thus, under section 11713, subdivision (n), of the Vehicle Code it is unlawful to reset the odometer of any motor vehicle, and the offense may be committed irrespective of whether such vehicle is sold to another person after such resetting. But to bring a case within the proscription of section 484 of the Penal Code requires further action, such as the transfer of the automobile upon which the odometer has been reset to another person with the specific intent to fraudulently obtain money or property from that person, acting in reliance upon the false representation as to mileage.

In *People* v. *Phillips,* 64 Cal.2d 574, 581-582 [51 Cal.Rptr. 225, 414 P.2d 353], a contention was made that under the circumstances of that case section 1714 of the Health and Safety Code, which provides that it is a misdemeanor to make specified false representations with respect to the diagnosis and treatment of cancer, precluded a determination that the defendant was guilty of the felony of grand theft under section 484 of the Penal Code. The court said (at p. 582): "We cannot accept the proposition that the misdemeanor section forecloses the felony prosecution. A conviction for grand theft requires proof that the victim relied on defendant's representations and that he actually parted with value. [Citations.] No such requirements need be met in prosecutions under Health and Safety Code section 1714. Accordingly, we may infer that the Legislature intended the new statute to supplement, not supplant, Penal Code section 484." (See *People* v. *Cohen,* 12 Cal.App.3d 298, 320-321 [90 Cal.Rptr. 612], wherein it was held that prosecution for grand theft (Pen. Code, § 484) was not precluded by § 556 of the Ins. Code.)

In the present case, as previously stated, establishment of the commission of the misdemeanor defined by section 11713, subdivision (n), of the Vehicle Code does not require proof that the accused fraudulently induced another person to part with value. Accordingly, it is manifest that the Legislature did not intend that the provisions of section 11713, subdivision (n), of the Vehicle Code should supplant the provisions of section 484 of the Penal Code in a case of the nature of that herein involved. That section of the Vehicle Code did not preclude prosecution of the defendant for grand theft under the Penal Code.

■ Nor does the "actual loss," as the defendant asserts, determine the existence of theft or the degree thereof. "If the victim is induced to part with money or property in exchange for other property fraudulently misrepresented, the crime is committed; it is not a defense that no permanent loss occurred; the victim is defrauded if he did not get what he bargained for, even though he may not have suffered a net financial loss; the victim is defrauded even though he may eventually recover the money or property taken from him [citation], and subsequent restoration, restitution or repayment is no defense." (*People* v. *Brady*, 275 Cal.App.2d 984, 994-995 [80 Cal.Rptr. 418].) ■ As to the matter of the degree of the theft, the defendant erroneously argues that the test is ultimate loss rather than the amount of the money received by the accused. In *People* v. *Hess*, 10 Cal.App.3d 1071 [90 Cal.Rptr. 268], a case in which two persons agreed to pay $1,000 for a horse falsely represented to them to be pedigreed, and actually paid $550, the court stated at page 1080: "If the representation was knowingly made, the theft was of $550 and constituted grand theft. If the representation was innocently made, no crime at all was committed. Under no circumstance were appellants entitled to offset the actual value of the spurious animal used to accomplish the fraud against the sum obtained from the victims to reduce the crime to petty theft."

■ In the instant case the evidence introduced at the preliminary hearing was adequate to support the magistrate's determination that there had been a sufficient showing that the offenses respectively charged in the five counts had been committed and that there was sufficient cause to believe the defendant guilty thereof. ■ "On a motion to set aside an information, the question of guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction. The court is only to determine whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense has been committed in which the defendant had participated." (*People* v. *Jablon*, 153 Cal.App.2d 456, 459 [314 P.2d 824].) ■ "A reviewing court may not substitute its judgment as to the weight of the evidence for that of the magistrate, and, if there is some evidence to support the information, the court will not inquire into its sufficiency. [Citations.] Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information." (*Rideout* v. *Superior Court*, 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197].) The superior court erred in setting aside the information.

The order setting aside the information is reversed.

Respondent's petition for a hearing by the Supreme Court was denied June 22, 1972.