STATE OF NEBRASKA, APPELLEE, v. ROCHE, INC., DOING BUSINESS AS THE COPY CENTER, A NEBRASKA CORPORATION, APPELLANT.
520 N.W.2d 539

Filed August 5, 1994.   No. S-92-1039.

Patrick T. O'Brien, of Bauer, Galter, O'Brien, Allan & Butler, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

LANPHIER, J.

Roche, Inc., doing business as The Copy Center, was charged with two counts of theft by deception under Neb. Rev. Stat. § 28-512 (Reissue 1989) for selling two copiers with the meters rolled back, thereby deceiving the buyers with regard to the value of the machines. Following a bench trial in the district court for Lancaster County, the trial court found Roche guilty on both counts. The Nebraska Court of Appeals, in the majority opinion, at *State v. Roche, Inc.*, 2 Neb. App. 445, 511 N.W.2d 195 (1994), affirmed the judgment but sent the case back for resentencing. The Court of Appeals opined that our decisions in *State v. Garza*, 241 Neb. 256, 487 N.W.2d 551 (1992), and *State v. Culver*, 233 Neb. 228, 444 N.W.2d 662 (1989), provide that value is an element of the grade of the offense. The majority opinion stated that the incremental value or the increase in the value due to setting back the meters should be used as the basis for sentencing. The dissent stated that in a theft of property conviction under § 28-512, theft by deception is graded under Neb. Rev. Stat. § 28-518 (Reissue 1989) based upon "the value of the thing involved," and thus, it is the total amount of the transferred cash which should be looked to. We granted the State's petition for further review on the issue of whether, under a theft by deception conviction, the incremental value caused by the deception or the total value of the property transferred shall be used as the basis for sentencing. We reverse the judgment of the Court of Appeals.

## SCOPE OF REVIEW

Regarding questions of law, an appellate court is obliged to reach a conclusion independent of determinations reached by the trial court. *Boyles v. Hausmann, ante* p. 181, 517 N.W.2d

610 (1994); *Goeke v. National Farms, Inc.*, 245 Neb. 262, 512 N.W.2d 626 (1994).

## ANALYSIS

Section 28-512 provides, "A person commits theft if he obtains property of another by deception." The property obtained by defendant Roche, found guilty of theft by deception, was money.

Grading of theft offenses occurs under § 28-518. Dependent upon the amount of money obtained by deception, the statute, in relevant part, provided:

(1) Theft constitutes a Class III felony when the value of the thing involved is over one thousand dollars.

(2) Theft constitutes a Class IV felony when the value of the thing involved is three hundred dollars or more, but not over one thousand dollars.

(3) Theft constitutes a Class I misdemeanor when the value of the thing involved is more than one hundred dollars, but less than three hundred dollars.

(4) Theft constitutes a Class II misdemeanor when the value of the thing involved is one hundred dollars or less.

The theft, therefore, is graded by the "value of the thing involved." In theft by deception cases, the property obtained by the defendant and the "thing involved" are the same. The value of the property obtained or the thing involved is therefore the amount of money received by the defendant through its deceptions.

The Court of Appeals erroneously determined that the value of the thing involved was determined by subtracting by the actual value of the copier received by each buyer from the total amount of money the seller received through its deception. Under that analysis, the grading would be determined by measuring the increase in value due to the deceptions—in this case, the increased value due to the turning back of the meters to give the impression of less use and wear and tear.

Other jurisdictions have considered this question of determining the value of property obtained by deception for the grading of offenses when the victim received property of value in exchange for that obtained by deception. In *State v. Forshee*,

588 P.2d 181 (Utah 1978), the defendant set back the odometer on the motor vehicle he sold to the victims. One of the victims testified he would not have purchased the vehicle if he had known its true mileage. The defendant argued that the fair market value of the vehicle should have been subtracted from the price paid by the victims for purposes of grading the crime and that, therefore, he was guilty of only a misdemeanor. The statute made it a crime to obtain or exercise control over the property of another by deception. The court held that the degree of the crime must be measured by the value of the property obtained by the defendant as a result of the deception and that the value of any property received by the victim is immaterial.

In *People v. Ross*, 25 Cal. App. 3d 190, 100 Cal. Rptr. 703 (1972), the defendant was charged with grand theft in selling a number of automobiles with the odometers rolled back. The court analyzed the degree of the theft as follows:

> [T]he defendant erroneously argues that the test is ultimate loss rather than the amount of the money received by the accused. In *People v. Hess* [citation omitted], a case in which two persons agreed to pay $1,000 for a horse falsely represented to them to be pedigreed, and actually paid $550, the court stated . . . : "If the representation was knowingly made, the theft was of $550 and constituted grand theft. . . . Under no circumstance were appellants entitled to offset the actual value of the spurious animal used to accomplish the fraud against the sum obtained from the victims to reduce the crime to petty theft."

25 Cal. App. 3d at 195, 100 Cal. Rptr. at 706.

In *State v. Martinez*, 95 N.M. 795, 626 P.2d 1292 (N.M. App. 1979), the defendant was convicted of fraud in the sale of real property. The court relied on *State v. Forshee, supra*, and *People v. Ross, supra*, to hold that the value of the money received by the defendant through her fraud was determinative of the degree of the crime charged and was not offset by the buyers' having received good title to some of the property purchased.

In *State v. Aurgemma*, 116 R.I. 425, 358 A.2d 46 (1976), the

defendant was convicted of obtaining money by false pretenses. The defendant contended that a conviction for false pretenses hinged on the actual loss suffered by the victim, rather than on the amount of money paid or the worth of the property transferred. The court, citing *LaMoyne v. The State*, 53 Tex. Crim. 221, 111 S.W. 950 (1908), held that the amount of money is pivotal and that the extent of the victim's loss is immaterial on the issue of the degree of the offense charged. We agree with this line of cases.

## CONCLUSION

In the present case, Roche obtained property through deception. That property was the amount of money obtained for the copiers, and the value of those sums is easily ascertainable. With respect to count I, the value for grading purposes is the $1,595 obtained by Roche through its deceptions. Under § 28-518(1), the grade is a Class III felony because the theft is over $1,000, and the trial court's judgment in that regard must be affirmed. As to count II, evidence was presented that that victim would not have bought the copier if the deception had not been practiced. The value of the thing involved is the entire sum, $4,220. Under § 28-518(1), the grade is a Class III felony because the theft is over $1,000. However, as Roche was charged with only a Class I misdemeanor, that conviction and sentence of the trial court must also be affirmed.

REVERSED.