STATE OF NEBRASKA, APPELLEE, V. MICHAEL T. GEORGE, APPELLANT.
527 N.W.2d 638

Filed January 17, 1995.   No. A-94-030.

Harry A. Moore, Madison County Public Defender, for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

SIEVERS, Chief Judge, and HANNON and MUES, Judges.

HANNON, Judge.

Michael T. George was charged with (count I) robbery, (count II) attempted second degree murder, (count III) use of a weapon in the commission of the felony offense of robbery, and (count IV) use of a weapon in the commission of the felony offense of attempted second degree murder. He was tried before a jury and was found guilty as charged under counts I and III and of attempted involuntary manslaughter under count II and the use of a weapon in the commission of the felony offense under count IV. This appeal concerns the validity of the convictions for attempted manslaughter under count II and for the use of a weapon in the commission of a felony under count IV. Since we conclude the convictions must be set aside, we also

consider whether George may be retried under counts II and IV. We conclude he may not be retried under those counts. We also reject George's claim that the sentences for the convictions under counts I and III were excessive.

## FACTS

The evidence summarized in a light most favorable to the State establishes the following: At around 9 p.m. on March 28, 1993, George entered Coffin's Corner, a convenience store located in Grand Island, stabbed a store patron who was standing at the counter visiting with the clerk, and then pushed the patron out of the way. George then proceeded to rob the store by threatening the clerk with the same knife that he used to injure the patron. George took approximately $200 to $250 in cash from the store.

The injured patron was taken to the hospital and underwent surgery to repair the knife wound. The patron has since recovered from the knife injury.

## ASSIGNMENTS OF ERROR

George alleges 10 errors by the trial court. These errors may be summarized as the following three errors: (1) The trial court erred in instructing the jury on attempted manslaughter as a lesser-included offense of attempted second degree murder, (2) the trial court erred in accepting a guilty verdict from the jury and sentencing George for the use of a weapon in the commission of the felony of attempted second degree murder when he was acquitted by the jury of attempted second degree murder, and (3) the trial court abused its discretion by imposing sentences that are excessive.

## STANDARD OF REVIEW

■ The questions raised by assignments Nos. 1 and 2 are questions of law. With respect to questions of law, an appellate court has an obligation to reach a conclusion independent of the trial court's determination. *State v. Roche, Inc.*, 246 Neb. 568, 520 N.W.2d 539 (1994); *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993).

The standard of review for the allegedly excessive sentences will be stated when that issue is considered.

## DISCUSSION
### ATTEMPTED MANSLAUGHTER

The information charges George in count II as follows:

[O]n or about March 28, 1993 [George] intentionally engaged in conduct which, under the circumstances as he . . . believed them to be, constituted a substantial step in a course of conduct intended to culminate in his . . . commission of the crime of 2nd degree Murder, to-wit: did then and there attempted [sic] to intentionally, but without premeditation, kill William Ostrander.

The jury found George innocent of attempted second degree murder, but guilty of attempted manslaughter.

Neb. Rev. Stat. § 28-201 (Reissue 1989) in pertinent part defines criminal attempt as follows:

(1) A person shall be guilty of an attempt to commit a crime if he:

(a) *Intentionally* engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

(b) *Intentionally* engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

(2) When causing a particular result is an element of the crime, a person shall be guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, he intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

(Emphasis supplied.)

Neb. Rev. Stat. § 28-305 (Reissue 1989) defines manslaughter as follows: "(1) A person commits manslaughter if he kills another without malice, either upon a sudden quarrel, or causes the death of another *unintentionally* while in the commission of an unlawful act. (2) Manslaughter is a Class III felony." (Emphasis supplied.)

As can be seen by its statutory definition, manslaughter has two branches: (1) causing the death of another upon a sudden

quarrel and (2) unintentionally causing the death of another while in the commission of an unlawful act. *State v. Anderson*, 1 Neb. App. 914, 511 N.W.2d 174 (1993). Since there is no evidence in the record of a sudden quarrel, the manslaughter offense involved in this case is unintentionally attempting to cause the death of another while in the commission of an unlawful act—in this case, robbery.

The combination of the elements of the crime of criminal attempt with the elements of involuntary manslaughter creates a peculiar animal. The trial court instructed the jury that "[t]he elements of Attempted Manslaughter are: 1. That the defendant . . . engaged in conduct which constituted a substantial step to culminate in his commission of the crime of attempted manslaughter. 2. That he attempted to kill another without malice . . . unintentionally while in the commission of an unlawful act." A person cannot perform the same act intentionally and unintentionally at the same time. This instruction is a contradiction because a person cannot intentionally take a substantial step toward the commission of a crime when that crime is an unintentional crime. Thus, attempted manslaughter does not and cannot exist under current Nebraska law.

At trial, George did not object to the jury instruction on attempted manslaughter. The failure to object to a jury instruction after it has been submitted for review precludes raising an objection on appeal unless there is plain error indicative of a probable miscarriage of justice. *State v. Flye*, 245 Neb. 495, 513 N.W.2d 526 (1994). However,

> an appellate court always reserves the right to note plain error which was not complained of at trial or on appeal but is plainly evident from the record, and which is of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

*Id.* at 499, 513 N.W.2d at 530 (citing *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994)). Since "attempted involuntary manslaughter" does not exist as a crime in Nebraska, which we held above, convicting someone of such a nonexistent crime is clearly a miscarriage of justice and is plain error. Thus, George's

conviction under count II must be vacated.

### USE OF A DEADLY WEAPON

George was charged in the information in count IV as follows: "[O]n or about March 28, 1993 [George] used a firearm, knife, brass or iron knuckles, or any other deadly weapon to commit a felony offense, to-wit: used a knife to commit the felony offense of attempted 2nd degree murder." The jury found George guilty of count IV, but the verdict does not specify the underlying felony to which this offense attached.

The jury found George innocent of attempted second degree murder. And "[a] defendant acquitted on the underlying felony charge cannot be convicted of an offense under [Neb. Rev. Stat. § 28-1011.21 (Cum. Supp. 1974)] involving that felony; but a defendant convicted of the underlying felony might still be acquitted on a charge under [§ 28-1011.21]." *State v. Saxon*, 193 Neb. 278, 280-81, 226 N.W.2d 765, 767 (1975). Section 28-1011.21 has been renumbered as Neb. Rev. Stat. § 28-1205 (Reissue 1989) and has been amended; however, the substantive portion of this statute as it relates to the holding in *Saxon* has not changed. Therefore, George cannot be found guilty of using a weapon to commit the felony offense of attempted second degree murder if he is found innocent of attempted second degree murder.

### DOUBLE JEOPARDY

The State concedes the conviction under count IV must be reversed and requests that this court remand the cause for a retrial on both count II and count IV. Frequently, principles of double jeopardy do not prevent a retrial when a conviction has been set aside or a mistrial granted. See *State v. Levison*, 1 Neb. App. 1051, 510 N.W.2d 495 (1993). However, in the case at hand, we conclude the principles of double jeopardy prevent a retrial on the charge of attempted second degree murder and its dependent charge of use of a weapon to commit that felony.

Both the U.S. Constitution and the Nebraska Constitution provide that no person shall be twice put in jeopardy for the same offense. U.S. Const. amend. V; Neb. Const. art. I, § 12; *State v. Hoffman*, 227 Neb. 131, 416

N.W.2d 231 (1987). The U.S. Supreme Court stated the following with respect to double jeopardy: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989).

◼ In the cases *Price v. Georgia*, 398 U.S. 323, 90 S. Ct. 1757, 26 L. Ed. 2d 300 (1970), and *Green v. United States*, 355 U.S. 184, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957), the U.S. Supreme Court held that when a retrial is granted for a defendant who has been tried for one crime but convicted of a lesser-included offense, the principles of double jeopardy restrict the new trial to the lesser charge on which he or she was originally convicted and prohibit a retrial on the original charge submitted to the jury on which the defendant was not found guilty.

In *Price*, the defendant was charged in state court with murder, but was convicted of voluntary manslaughter. The jury verdict made no reference to the charge of murder. The defendant obtained a new trial and was tried again for the original charge of murder. The defendant objected at the retrial to being subjected again to the original charge of murder, in violation of the double jeopardy provision in the Constitution, but the objection was overruled by the trial court. The second jury found the defendant guilty of voluntary manslaughter. The defendant appealed the second conviction based on the trial court's overruling his objection to being tried again on the charge of murder, in violation of the Double Jeopardy Clause of the U.S. Constitution. The Georgia Court of Appeals affirmed the second jury verdict based on the holding of the Georgia Supreme Court in *Brantley v. State*, 132 Ga. 573, 64 S.E. 676 (1909), *aff'd* 217 U.S. 284, 30 S. Ct. 514, 54 L. Ed. 768 (1910). The Georgia Supreme Court denied certiorari, and the defendant sought review by the U.S. Supreme Court, which granted the writ and reversed. In reversing, the U.S. Supreme Court stated the following:

Petitioner sought and obtained the reversal of his initial

conviction for voluntary manslaughter by taking an appeal. Accordingly, no aspect of the bar on double jeopardy prevented his retrial for that crime. However, the first verdict, limited as it was to the lesser included offense, required that the retrial be limited to that lesser offense. Such a result flows inescapably from the Constitution's emphasis on a risk of conviction and the Constitution's explication in prior decisions of this Court. *Price*, 398 U.S. at 326-27. The Court further stated:

[T]his Court has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge. There is no relevant factual distinction between this case and *Green* v. *United States*.

398 U.S. at 329.

In *Green*, the defendant was indicted in the District of Columbia for arson and first degree murder and was convicted of arson and second degree murder. The verdict was silent on the charge of first degree murder. The defendant obtained a retrial on the conviction of second degree murder and upon retrial was again tried on the original charge of first degree murder. At the retrial, he was convicted of first degree murder. This conviction was reversed by the U.S. Supreme Court based on a violation of the Double Jeopardy Clause in the Fifth Amendment to the U.S. Constitution. The basic premise of *Price* and *Green* is that a defendant cannot be retried for an offense a jury has found the defendant not guilty of, even if the defendant was convicted of a lesser crime.

*Price* and *Green* differ from the case at hand in that the defendants in *Price* and *Green* requested a retrial on the lesser-included offense, whereas, in this case, there is no lesser-included offense upon which George may be tried. However, we think it is even more evident that the Double Jeopardy Clause protects an accused from being placed on trial again for the same offense that the accused was found not guilty of in the previous trial when the defendant was wrongly convicted of a nonexisting crime. Thus, this court cannot

remand this cause for a retrial on the charge of attempted second degree murder or the use of a weapon to commit the underlying felony when the jury has already found George not guilty of attempted second degree murder. Furthermore, we cannot remand this cause for a retrial on the charge of attempted manslaughter because it does not statutorily exist. Therefore, we hereby reverse George's convictions under counts II and IV and vacate the sentences imposed for those convictions.

## Excessive Sentences

■ The court sentenced George to $16^2/_3$ to 50 years' imprisonment for the conviction under count I and $6^2/_3$ to 20 years' imprisonment for the conviction under count III. The sentences are to run consecutively, as provided by § 28-1205(3). George argues these sentences are excessive. A sentence within statutory limits will not be disturbed upon appeal absent an abuse of discretion. That is, a sentence within the statutory limits will not be modified as excessive unless the trial court's reasons or rulings are clearly untenable and unfairly deprive the defendant of a substantial right and a just result. *State v. Philipps*, 242 Neb. 894, 496 N.W.2d 874 (1993); *State v. Riley*, 242 Neb. 887, 497 N.W.2d 23 (1993); *State v. Reynolds*, 242 Neb. 874, 496 N.W.2d 872 (1993); *State v. Hall*, 242 Neb. 92, 492 N.W.2d 884 (1992); *State v. Coleman*, 241 Neb. 731, 490 N.W.2d 222 (1992).

The manner in which George committed robbery was serious. His record is long. The court did not abuse its discretion. The convictions and sentences on counts I and III are affirmed, but the convictions and sentences on counts II and IV are reversed and vacated.

AFFIRMED IN PART, AND IN PART
REVERSED AND VACATED.