STATE OF NEBRASKA, APPELLEE, V. CURTIS CRABTREE, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. LORI L. HARWICK, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. DEANNA L. HINKLEY,
APPELLANT.

526 N.W.2d 688

Filed January 17, 1995.    Nos. A-94-366, A-94-367, A-94-368.

David E. Veath for appellants.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

SIEVERS, Chief Judge, and HANNON and MUES, Judges.

SIEVERS, Chief Judge.

In these separate but consolidated appeals, Curtis Crabtree, Lori L. Harwick, and Deanna L. Hinkley each appeal from their convictions for operating a motor vehicle while under the influence, in violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1992). The issue on appeal is the same in each case. The defendants argue that the results of their breath tests should have been suppressed because the tests were administered with the Intoxilyzer Model 4011AS, which does not perform a "chemical test" as required by statute. For the reasons cited below, we affirm.

## PROCEDURAL BACKGROUND

Each defendant in this case was arrested and failed a breath test administered using an Intoxilyzer Model 4011AS. Thereafter, each defendant was separately charged with driving

under the influence of alcoholic liquor, or when such person had a concentration of ten-hundredths of 1 gram or more by weight of alcohol per 210 liters of his or her breath, in violation of § 39-669.07. Each of the defendants filed a motion to suppress the breath test results on the grounds that the test results were obtained from breath tests not conducted pursuant to the statutory laws of Nebraska. A consolidated hearing on the motions to suppress was held on January 20, 1994. The only issue argued by the defendants on the motions to suppress was whether the breath tests using the Intoxilyzer Model 4011AS met the definition of a "chemical test" under Neb. Rev. Stat. § 39-669.08 (Cum. Supp. 1992). The district court overruled the motions to suppress, holding that "[c]learly, the law allows tests which are not 'chemical' in nature as set out in Section 39-669.08 R.R.S. 1943."

A bench trial for each defendant was held on April 13, 1994. At trial, the defendants stipulated to the following facts: Each defendant was lawfully arrested for driving under the influence of alcoholic liquor. As a result of each arrest, each defendant was directed to take a breath test pursuant to § 39-669.08. Each test was conducted by a properly certified agent of the Alliance Police Department in compliance with checklist procedures promulgated by the Department of Health. The testing machine used was the Intoxilyzer Model 4011AS. Defendant Crabtree's test result was .161 of a gram of alcohol per 210 liters of breath, defendant Hinkley's test result was .174, and defendant Harwick's test result was .149, all over the legal limit. Counsel for each defendant specifically objected to the breath test results on the grounds that use of the Intoxilyzer Model 4011AS was not in compliance with Nebraska statutory and case law and that the test results should have been suppressed. The defendants also reoffered all evidence introduced at the prior hearing on the motions to suppress. The district court overruled each defendant's renewal of his or her motion to suppress the test results and thereafter found each defendant guilty of driving while under the influence, in violation of § 39-669.07.

## ASSIGNMENT OF ERROR

The defendants appeal, and their assignments of error can be consolidated to the following: The trial court erred in failing to suppress and exclude from evidence the breath test results of the Intoxilyzer Model 4011AS, since the test results of the Intoxilyzer were not from chemical tests.

## STANDARD OF REVIEW

■ Findings of fact by the trial court on a motion to suppress will not be overturned on appeal unless clearly wrong. *State v. Thompson*, 244 Neb. 189, 505 N.W.2d 673 (1993); *State v. Hicks*, 241 Neb. 357, 488 N.W.2d 359 (1992). Regarding questions of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *State v. Roche, Inc.*, 246 Neb. 568, 520 N.W.2d 539 (1994).

## ANALYSIS

The defendants' argument in this appeal centers on the assertion that the breath tests administered using the Intoxilyzer Model 4011AS were not chemical tests and thus were not tests allowed under Neb. Rev. Stat. § 39-669.11 (Cum. Supp. 1992). That statute provides that "[a]ny test made under section 39-669.08, if made in conformity with the requirements of this section, shall be competent evidence in any prosecution . . . ." Section 39-669.08 provides in pertinent part:

(1) Any person who operates . . . a motor vehicle in this state shall be deemed to have given his or her consent to submit to a *chemical test or tests* of his or her blood, breath, or urine for the purpose of determining the concentration of alcohol . . . in such blood, *breath*, or urine.

(2) Any law enforcement officer . . . may require any person arrested for any offense arising out of acts alleged to have been committed while the person was driving . . . a motor vehicle while under the influence of alcoholic liquor . . . to submit to a *chemical test or tests* of his or her blood, *breath*, or urine for the purpose of determining the concentration of alcohol . . . in such blood, breath, or urine . . . .

(Emphasis supplied.)

The defendants argue that § 39-669.08 mandates that a chemical breath test for the purpose of determining alcohol concentration is the sole and exclusive breath test acceptable. The defendants also argue that any type of test of the breath other than a chemical test is not in compliance with the strict statutory mandate of chemical analysis. The defendants would have us hold that a chemical test is one in which transformation occurs, i.e., when by use of chemicals " 'one substance' " is changed " 'into a different substance.' " Brief for appellants at 18. A breath test obtained by the Intoxilyzer Model 4011AS is an optical physics test of infrared absorption where a light wave passes through the breath sample via mirror arrangements and the resulting light wave is collected on a detector. A signal from the detector is electronically processed, and the device displays a numerical result. The defendants argue that the Intoxilyzer Model 4011AS does not perform a chemical test and is not in compliance with Nebraska law.

This court has recently rejected a similar argument in *State v. Cash, ante* p. 319, 526 N.W.2d 447 (1995). In *Cash*, the defendant argued that the result of a gas chromatography test on her blood was not valid, as it was not a "chemical test" but, rather, was an electronic test. This court held that a "chemical test" under the statutes can be a test of a substance to determine its chemical composition, as well as a test using chemicals. This court concluded that gas chromatography is a test used to determine the body fluid levels of a certain chemical—alcohol—and therefore is a chemical test. See, also, *State v. Nichols*, 110 Idaho 823, 718 P.2d 1261 (Idaho App. 1986); *Gandara v. State*, 661 S.W.2d 749 (Tex. Crim. App. 1983).

■ The purpose of the Intoxilyzer test is to measure an individual's blood alcohol content by measuring the extent to which an individual's breath is composed of alcohol vapor. The fact that the Intoxilyzer makes this measurement through the use of infrared light rather than chemical transformation is of no legal consequence. "Chemical test or tests" may refer to a test conducted with chemicals. However, the term also encompasses a test that determines chemical composition, specifically, the extent of alcohol vapor in a sample of the suspect's breath, by subjecting the molecules of the sample to

infrared light, which produces a predictable result that is then digitized and displayed. Thus, for purposes of § 39-669.08, the Intoxilyzer Model 4011AS performs a chemical test, and the motion to suppress was properly overruled.

## CONCLUSION

There being no merit in the defendants' assignment of error, the judgments of conviction by the trial court are affirmed.

AFFIRMED.