STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLANT, V.
MICHAEL RAY SMITH, APPELLANT AND CROSS-APPELLEE.
529 N.W.2d 116

Filed March 21, 1995.   No. A-94-567.

Thomas J. Garvey, Sarpy County Public Defender, and Gregory A. Pivovar for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

SIEVERS, Chief Judge, and HANNON and MUES, Judges.

MUES, Judge.

This appeal arises from a plea in bar challenging the retrial of Michael Ray Smith for attempted voluntary manslaughter, first degree assault, and use of a weapon to commit a felony. In the original trial, Smith was charged with attempted second degree murder and use of a firearm to commit a felony and was found not guilty on both counts by a jury. The State subsequently filed a separate information charging Smith with attempted voluntary manslaughter, first degree assault, and use of a weapon to commit a felony. On grounds of double jeopardy, Smith filed a plea in bar objecting to a retrial on these charges. The plea was overruled as to the first degree assault charge and sustained as to the charges of attempted voluntary manslaughter and use of a weapon to commit a felony. Smith appeals, and the State cross-appeals. For the following reasons, we affirm in part and reverse in part.

## BACKGROUND

For purposes of this appeal, we take the factual background from the trial judge's statement of the facts used by him for the purpose of ruling on the plea in bar.

Smith was involved in an incident that occurred on or about September 15, 1993, in Sarpy County, specifically at the

Sundowner Bar. Following an exchange of words within the bar and a physical altercation between Smith and Dennis Ratigan in the parking lot of the bar, Smith fired a handgun at Ratigan, with the bullet striking Ratigan in the stomach. Smith left the scene and was arrested a short time later at the home of his parents, a few blocks away. On September 23, 1993, Smith was charged in an information with attempted second degree murder and use of a firearm to commit a felony. Following a trial by jury on January 27, 1994, a verdict of not guilty on each count was returned and judgment rendered accordingly. The State then filed the present "Direct Information" on February 2, 1994. It is undisputed that the charges contained in the direct information arise out of the same events that formed the basis for the first information.

Smith filed a plea in bar on March 18, 1994, pursuant to Neb. Rev. Stat. § 29-1817 (Reissue 1989), in which he argued that he had "faced these charges or the same elements of these charges previously, and for these said charges and/or elements of said charges he was acquitted by a jury." The plea was overruled as to the first degree assault charge and sustained as to the charges of attempted voluntary manslaughter and use of a weapon to commit a felony. Smith's appeal and the State's cross-appeal were timely filed.

## ASSIGNMENTS OF ERROR

Considering both Smith's appeal and the State's cross-appeal together, the issues before us are whether, on the ground of double jeopardy, the district court erred in (1) overruling Smith's plea in bar to the charge of first degree assault, (2) sustaining Smith's plea in bar to the charge of attempted voluntary manslaughter, and (3) sustaining Smith's plea in bar to the charge of use of a weapon to commit a felony.

## STANDARD OF REVIEW

The issues presented in this appeal involve questions of law. Regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994); *State v. Roche, Inc.*, 246 Neb. 568, 520 N.W.2d 539 (1994); *State v. White*, 244 Neb. 577, 508 N.W.2d

554 (1993).

## DISCUSSION

■ We observe, initially, that Smith's appeal and the State's cross-appeal are properly before this court because a grant or denial of a plea in bar raising a double jeopardy claim is a final order as defined in Neb. Rev. Stat. § 25-1902 (Reissue 1989). See *State v. Woodfork*, 239 Neb. 720, 478 N.W.2d 248 (1991), *overruled on other grounds, State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993).

Smith's appeal and the State's cross-appeal involve the constitutional permissibility of a second prosecution on the charges of first degree assault, attempted manslaughter upon a sudden quarrel (voluntary), and use of a weapon to commit a felony, after an acquittal on the charges of attempted second degree murder and use of a weapon to commit a felony. The State essentially contends that first degree assault and attempted voluntary manslaughter are not lesser-included offenses of attempted second degree murder and that, therefore, a second prosecution for both those crimes does not violate the constitutional prohibition against being twice placed in jeopardy for the same offense.

*Double Jeopardy—Evolution of Statutory-Elements Approach.*

■ Both the Nebraska and U.S. Constitutions provide that no person shall be twice put in jeopardy for the same offense. U.S. Const. amend. V; Neb. Const. art. I, § 12; *State v. Hoffman*, 227 Neb. 131, 416 N.W.2d 231 (1987). The constitutional prohibition against double jeopardy protects against a second prosecution for the same offense after acquittal or conviction on that same offense and against multiple punishments for the same offense. *Id.* See, also, *State v. George, ante* p. 354, 527 N.W.2d 638 (1995). In *Brown v. Ohio*, 432 U.S. 161, 169, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977), the U.S. Supreme Court stated: "Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense."

■ The test for determining whether two crimes constitute

the "same offense" has been set forth by the U.S. Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932), which states:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is *whether each provision requires proof of a fact which the other does not.*

(Emphasis supplied.) The U.S. Supreme Court subsequently modified this rule in *Grady v. Corbin*, 495 U.S. 508, 510, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990), in which the Court added a second step to the double jeopardy analysis and held that even if the *Blockburger* test was satisfied, the Double Jeopardy Clause would still bar a subsequent prosecution "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." In 1993, the U.S. Supreme Court overruled *Grady* and returned to the *Blockburger* test in *U.S. v. Dixon*, ____ U.S. ____, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993). In *Dixon*, the Court stated:

> In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. . . . The same-elements test, sometimes referred to as the *"Blockburger"* test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.

(Citation omitted.) 113 S. Ct. at 2856.

The consequence of the rule set forth by the U.S. Supreme Court in *Blockburger*, and readopted in *Dixon*, is that if *each* offense contains an element that is not contained in the other, then they are not the "same offense" and double jeopardy does *not* bar successive prosecution. However, if only *one* of the offenses contains an element not contained in the other, as is the case with greater and lesser-included offenses, a classic

application of this rule dictates that a successive prosecution *is* barred by double jeopardy. Both greater and lesser-included offenses share common elements, with only one, the greater offense, having an element or elements different from that of the lesser. Therefore, if the second prosecution is for a crime that constitutes a lesser-included offense of the crime for which one is acquitted, for purposes of double jeopardy, these crimes are considered the "same offense" and the second prosecution is barred.

■ Pre-*Dixon* and pre-*Grady* Nebraska law applied the test set forth in *Blockburger* for determining whether double jeopardy principles bar subsequent prosecution. In *State v. Lovelace*, 212 Neb. 356, 359-60, 322 N.W.2d 673, 675 (1982), the Nebraska Supreme Court explained the test as follows:

> To be a lesser included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser. . . . In sum the lesser included offense is one all the elements of which are necessarily included in the greater. . . . To determine whether one statutory offense is a lesser-included offense of the greater, we look to the elements of the crime and not to the facts of the case.

Applying the *Blockburger-Dixon* rationale, the lesser offense does not contain an element that is not also contained in the greater. Thus, double jeopardy bars subsequent prosecution.

The Nebraska Supreme Court in *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993), has reaffirmed its commitment to the statutory-elements approach announced in *Lovelace*, and it is clear that Nebraska now applies the *Blockburger-Dixon* analysis in determining whether one faces double jeopardy by contemporaneous or successive prosecutions for different crimes. If such "different crimes" do not pass muster under *Blockburger*, they are deemed to be the "same offense," thus barring additional punishment and successive prosecution.

*First Degree Assault.*

Smith contends that it was error for the district court to conclude that double jeopardy does not prohibit the State from prosecuting him on the charge of first degree assault after the

jury has acquitted him of attempted second degree murder. Under the *Blockburger* and *Williams* analyses, prosecution on the first degree assault charge is prohibited if first degree assault is a lesser-included offense of attempted second degree murder, that is, if the elements of first degree assault are such that it is impossible to commit attempted second degree murder without at the same time having committed first degree assault. However, if each offense contains an element not contained in the other, double jeopardy will not prohibit the successive prosecution.

That analysis leads us to an examination of the elements the State is required to prove beyond a reasonable doubt for each crime. Neb. Rev. Stat. § 28-308(1) (Reissue 1989) provides that "[a] person commits the offense of assault in the first degree if he intentionally or knowingly causes serious bodily injury to another person." Therefore, the elements of first degree assault involve (1) intentionally or knowingly (2) causing serious bodily injury (3) to another person. The offense of attempted second degree murder is defined by Neb. Rev. Stat. §§ 28-201 and 28-304 (Reissue 1989). Section 28-304(1) provides that "[a] person commits murder in the second degree if he causes the death of a person intentionally, but without premeditation." The Nebraska Supreme Court has recently stated that malice is an essential element of second degree murder. *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994). We read *Blockburger* to require a consideration of all the elements, whether statutorily or judicially created.

The inchoate crime of attempt is defined in § 28-201, which provides, inter alia:

(1) A person shall be guilty of an attempt to commit a crime if he:

(a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

(b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

Therefore, combining the provisions of the attempt statute,

§ 28-201, with the second degree murder statute, § 28-304, and *Myers, supra,* the elements of attempted second degree murder require (1) taking a substantial step in a course of conduct (2) intended to cause the death of another (3) with intent and (4) with malice. See *State v. Lovelace,* 212 Neb. 356, 322 N.W.2d 673 (1982). "The fact that *no* injury befalls the victim is of no consequence." (Emphasis in original.) *Id.* at 358-59, 322 N.W.2d at 674.

The Nebraska Supreme Court has recognized that first degree assault is not a lesser-included offense of *attempted* second degree murder. In *Lovelace,* 212 Neb. at 359-60, 322 N.W.2d at 674-75, the Nebraska Supreme Court explained:

> One may attempt to murder another by shooting at him. Should he, however, miss his victim, striking a nearby tree, he may nevertheless be guilty of attempted murder in the second degree. Assault in the first degree, on the other hand, is committed when one "intentionally or knowingly *causes* serious bodily injury to another." (Emphasis supplied.) Neb. Rev. Stat. § 28-308 (Reissue 1979). The crime of assault in the first degree requires that a serious bodily injury *in fact* occurred. That one attempts to injure another and fails to cause a serious bodily injury is not sufficient to constitute assault in the first degree, as it is in the case of *attempted* second degree murder. It is therefore clear that while the elements of first degree assault *may* be present in a case of attempted second degree murder, it is likewise clear that one may nevertheless be guilty of attempted second degree murder without having committed first degree assault. It is this distinction which precludes assault in the first degree from being a lesser-included offense of attempted murder in the second degree. . . . To determine whether one statutory offense is a lesser-included offense of the greater, we look to the elements of the crime and not to the facts of the case.

(Emphasis in original.) Where one and the same act constitutes two separate and distinct crimes, neither an acquittal nor a conviction of one bars a prosecution for the other as placing the defendant in double jeopardy. *State v. Dinverno,* 205 Neb. 775, 290 N.W.2d 203 (1980). Based upon the reasoning of *Lovelace*

and an examination of the statutes, it is clear that first degree assault is not a lesser-included offense of attempted second degree murder. To be guilty of violating § 28-308, one must *actually cause* serious bodily injury to another.

Actual injury, a necessary element of the crime of first degree assault, is not a necessary element of the crime of attempted second degree murder. Malice and intent to kill, required elements of the crime of attempted second degree murder, are not elements of the crime of first degree assault. Each offense requires proof of an element which the other does not. See *U.S. v. Dixon*, ___ U.S. ___, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993). The trial court correctly determined that the State was not barred, on double jeopardy grounds, from prosecuting Smith for first degree assault after his acquittal on the attempted second degree murder charge.

*Attempted Manslaughter Upon a Sudden Quarrel (Voluntary Manslaughter).*

On its cross-appeal, the State first contends that prosecuting Smith for attempted voluntary manslaughter after his acquittal for attempted second degree murder does not violate *Blockburger* because the two charges do not constitute the same offense—each crime has an element that the other does not. We must examine the elements of each. Neb. Rev. Stat. § 28-305(1) (Reissue 1989) defines manslaughter as the killing of "another without malice, either upon a sudden quarrel, or caus[ing] the death of another unintentionally while in the commission of an unlawful act."

In *State v. Jones*, 245 Neb. 821, 515 N.W.2d 654 (1994), the Nebraska Supreme Court overruled *State v. Pettit*, 233 Neb. 436, 445 N.W.2d 890 (1989), which had judicially recognized that intent to kill was an element of manslaughter. *Jones* specifically held that intent to kill is *not* an element of manslaughter. After recognizing that malice is defined as " 'that condition of the mind which is manifested by the intentional doing of a wrongful act without just cause or excuse,' " the court held: "Since our statutes define manslaughter as a killing without malice, there is no requirement of an intention to kill in committing manslaughter.

The distinction between second degree murder and manslaughter upon a sudden quarrel is the presence or absence of an intention to kill." 245 Neb. at 830, 515 N.W.2d at 659 (quoting *State v. Thompson*, 244 Neb. 375, 507 N.W.2d 253 (1993)).

Under current Nebraska law, the elements of attempted manslaughter upon a sudden quarrel as required by combining the provisions of § 28-201 (the attempt statute) with § 28-305 (the manslaughter statute) would consist of (1) *intentionally* engaging in conduct which constitutes a substantial step in a course of conduct (2) *intended to kill* another (3) upon a sudden quarrel, (4) without malice and (5) *without intent* to kill. Recently, in *State v. George, ante* p. 354, 358, 527 N.W.2d 638, 642 (1995), this court held, in the context of involuntary manslaughter, that because "[a] person cannot perform the same act intentionally and unintentionally at the same time[,] . . . attempted [involuntary] manslaughter does not and cannot exist under current Nebraska law." This court recognized that "a person cannot intentionally take a substantial step toward the commission of a crime when that crime is an unintentional crime." *Id*. Although *George* was decided in the context of attempted involuntary manslaughter, the same reasoning applies in the context of attempted voluntary manslaughter. In *Jones, supra*, as discussed above, the Supreme Court expressly stated, in a *voluntary* manslaughter context, that intent is not a required element for manslaughter. Because one cannot intend to commit the unintentional crime of attempted voluntary manslaughter, it does not exist as a crime under Nebraska law.

The district court determined that the State was barred from prosecuting Smith for the crime of attempted voluntary manslaughter. Where the record demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. *State v. Anderson*, 245 Neb. 237, 512 N.W.2d 367 (1994); *State v. Tlamka*, 244 Neb. 670, 508 N.W.2d 846 (1993). The prosecution for attempted voluntary manslaughter is barred because the crime does not exist under Nebraska law in view of *Jones, supra*.

*Use of a Weapon to Commit a Felony.*

The State next contends that the district court erred in concluding that a successive prosecution for the crime of using a weapon to commit a felony, under Neb. Rev. Stat. § 28-1205 (Reissue 1989), is barred on double jeopardy grounds. The State argues that because the underlying felony constitutes an element of the crime charged, changing the underlying felony from that of the first prosecution results in a separate offense. We agree. Section 28-1205(1) provides:

> Any person who uses a firearm, knife, brass or iron knuckles, or any other deadly weapon to commit any felony which may be prosecuted in a court of this state, or any person who unlawfully possesses a firearm, knife, brass or iron knuckles, or any other deadly weapon during the commission of any felony which may be prosecuted in a court of this state commits the offense of using firearms to commit a felony.

In order for one to be convicted of using a weapon to commit a felony, the State must obviously prove the elements of that crime, including that a felony was committed. To prove beyond a reasonable doubt that a felony was committed, the State must prove every element of the particular felony beyond a reasonable doubt. Therefore, the specific felony (and its particular elements) underlying the weapons charge is necessarily an element of that crime.

When the jury found Smith not guilty of the attempted second degree murder charge, they necessarily had to conclude that he was also not guilty of the charge of using a weapon to commit attempted second degree murder. " '[A] defendant acquitted on the underlying felony charge cannot be convicted of an offense under [§ 28-1205] involving that felony; but a defendant convicted of the underlying felony might still be acquitted on a charge under [§ 28-1205].' " *State v. George, ante* p. 354, 359, 527 N.W.2d 638, 642 (1995), quoting *State v. Saxon*, 193 Neb. 278, 226 N.W.2d 765 (1975).

The State originally might have charged Smith with attempted second degree murder, first degree assault, and two counts of using a weapon to commit the two separate felonies. Since we have concluded that the underlying felonies

themselves are not barred from successive prosecution on double jeopardy grounds, changing the underlying felony for purposes of the use of a weapon charge will result in a separate offense, as well, and will not be barred by double jeopardy. We find that the district court erred in concluding that the weapons charge based upon the underlying felony of first degree assault was barred by double jeopardy because of Smith's acquittal on the previous weapons charge.

## CONCLUSION

The trial court was correct in concluding that double jeopardy principles do not prohibit Smith's subsequent prosecution for first degree assault after his acquittal on charges of attempted second degree murder. However, the trial court erred in concluding that the charge of using a weapon to commit a felony consisted of the same elements as the charge for which Smith was acquitted. Because the elements of the specific underlying felony are necessary elements to prove the use of a weapon charge, changing the underlying felony results in a separate offense, so long as the underlying felony is not itself barred on double jeopardy grounds. Finally, the trial court's dismissal of the charge of attempted voluntary manslaughter was correct because the crime of attempted voluntary manslaughter upon a sudden quarrel does not exist under Nebraska law. Of the three charges brought in the information, double jeopardy will not bar the successive prosecution for first degree assault and using a weapon to commit first degree assault. However, as we have just stated, since attempted voluntary manslaughter does not exist as a crime in Nebraska, the State is barred from prosecuting Smith on that charge.

AFFIRMED IN PART, AND IN PART REVERSED.